JOSEPH SHEEHY, Defendant in Error, v. MORTON WOLLMAN, Plaintiff in Error.

Kansas City Court of Appeals, January 16, 1911.

1. **APPEAL AND ERROR: Weight of Evidence.** Where a verdict is supported by substantial evidence, it will not be disturbed on appeal because it is against the weight of the evidence.

2. **PRINCIPAL AND AGENT: Undisclosed Principal: Liability of Agent.** An agent, claiming to own property of an undisclosed principal, is responsible for his acts done in connection with such property.

Appeal from Jackson Circuit Court.—*Hon. Herman Brumback,* Judge.

AFFIRMED.

*Henry C. Solomon* for plaintiff in error.

*Reinhardt & Schibsley* for defendant in error.

ELLISON, J.—This action was begun before a justice of the peace to recover commission for the sale of real estate. On appeal to the circuit court judgment was rendered for the plaintiff.

The whole case turns on matter of evidence and as the verdict was for plaintiff we must assume the facts to be as the evidence in his behalf tends to prove them and we must give him the benefit of every proper inference which can be reasonably drawn from the evidence. Applying that rule, we find that the judgment must be affirmed.

Defendant listed the property with plaintiff for sale at eighty dollars per foot. Afterwards in conversations or communications between them the price was raised to one hundred dollars per foot. One Duncan was assisting plaintiff to make a sale, they having an arrangement between them for a division of commission. Duncan began negotiations for a sale with an acquaintance whom he knew was wanting a piece of property. Plaintiff informed defendant who the prospective purchaser was. During all this time defendant said the property was his and plaintiff supposed him to be the owner, but it turned out that it was owned by his brother. The deal was finally closed between defendant and the purchaser and the deed made by the brother.

The fact that defendant was not the owner of the property and was acting for his brother in its sale, will not affect the case, for the agent of an undisclosed principal is liable as though he were the principal.

Defendant seeks to set aside the judgment on the ground of what he terms the unsatisfactory and indefinite character of the testimony in behalf of plaintiff; but we are clearly of the opinion it was sufficient for the jury and can do no less than to order its affirmance. All concur.